Frieda Merkin *v.* The Connecticut Company et al.

Superior Court      Hartford County      File No. 145840

Memorandum filed June 14, 1966

*Walter L. Galuszka, Frank A. Francis* and *Kenny, Brimmer & Kenny,* of Hartford, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the named defendant.

*Richard W. Shettle,* of Hartford, for the defendant city of Hartford.

Palmer, J. This is an action, in its second count, to recover damages for personal injuries alleged to have been caused "by reason of mounds of uneven ice and hard-packed snow which made the . . . easterly side of Blue Hills Avenue defective, slippery and dangerous." The action is predicated on what is now § 13a-149 of the General Statutes, which provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . . ."

Blue Hills Avenue is a public highway in the defendant city. It appears, however, to be a fact that pursuant to provisions of the General Statutes the portion of Blue Hills Avenue here in question was taken into the state highway system effective on July 9, 1962, and further, that the state is responsible for snow removal from the pavement to or adjacent to the curb or shoulders, but not the

removal or carting of snow from the curb or shoulder areas.

The plaintiff has filed a counter affidavit which states that as she was alighting from a bus she "slipped on an icy and slippery area which extended in and about the curb of said public sidewalk on Blue Hills Avenue in the general area of the bus stop" and that her "body eventually ended up\ partially on the public walk. . . . [T]he curb of said public walk was not directly visible and the entire area was generally icy."

The claim of fact set forth in the counter affidavit raises a question of fact as to the location of the place of fall in relation to the public sidewalk, which admittedly is the responsibility of the defendant city. Such a question of fact cannot, of course, be resolved upon this motion.

The court has not overlooked the fact that there is an apparent divergence in the location of the fall set forth in the notice of injury and that stated in the counter affidavit. The court is of the opinion that this divergence must be dealt with at the trial, and not at this time.

The motion for summary judgment is denied.